IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| STEWART HANSEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 17-cv-3256 |
| CENTRAL MANAGEMENT SERVICES, BRYON MEUNCH, and DEB HARVEY, | ) ) ) ) ) |
| Defendants. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendants' Central Management Services (CMS), Bryon Meunch, and Deb Harvey's Motion to Dismiss (d/e 10) (Motion). The parties consented to proceed before this Court. Consent to the Exercise of Jurisdiction by a United States Magistrate Judge and Reference Order entered May 25, 2018 (d/e 16). For the reasons set forth below, the Motion is ALLOWED in part and DENIED in part.

Plaintiff Stewart Hansen alleges that Defendants discriminated against him and retaliated against him in violation of the Americans with Disabilities Act (ADA) and the Family Medical Leave Act (FMLA). Complaint (d/e 1); 29 U.S.C. § 2615 (FMLA); 42 U.S.C. § 12112 (ADA).

Defendants move to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For purposes of the Motion, the Court assumes well-pleaded allegations in the Complaint to be true and draws all inferences in favor of Hansen. See Franzoni v. Hartmax Corp., 300 F.3d 767, 771 (7th Cir. 2002). The exhibits attached to the Complaint are part of the Complaint for all purposes. Fed. R. Civ. P. 10(c). The Complaint alleges the following.

## STATEMENT OF FACTS

Hansen worked for CMS from January 1, 1990 to October 14, 2016. From January 1, 2016 until September 12, 2016, he worked as a systems analyst in its Department of Innovation and Technology (Department). CMS is an agency of the State of Illinois. Hansen suffers from bipolar disorder, depression, and anxiety. Defendant Meunch was Hansen's supervisor in the Department, and Defendant Harvey was Meunch's supervisor. In late April or early May 2016, Hansen filed FMLA requests for accommodations due to his mental disorders. Hansen requested permission to be tardy or absent from work due to his condition and necessary appointments to treat his condition. CMS approved his requests for accommodation. Hansen alleges that he was able to perform his job

satisfactorily with these accommodations.  See Complaint, at 4 and Collective Exhibit to the Complaint (Collective Exhibit) at 6-13. 18.[1]

When Hansen filed the requests, Meunch "stepped out of his office to the central work area of my unit and to the other employees loudly cursed at me and proceeded to reprimand me throughout the day."  Complaint, at 4.  Hansen complained to his union representative, and Meunch was disciplined for his behavior.  Thereafter, Meunch held Hansen to a higher standard than his co-workers and "aggressively continued his harassment" of Hansen.  Id.

Hansen was tardy on April 14 and 15, 2016 due to his medical conditions.  The tardy arrivals on those two days were approved as part of his accommodation.  Defendants, however, subjected Hansen to progressive discipline for these two tardy arrivals.  Hansen does not allege the result of the disciplinary proceeding.  Complaint, Collective Exhibit at 14-20.

Hansen alleges that Meunch and Harvey continued to harass him on a daily basis.  Complaint, Collective Exhibit, at 22-23.

---

[1] The Court uses the page numbers assigned by the Court's CM/ECF system for the Collective Exhibit to the Complaint.

On or before August 11, 2016, Hansen's girlfriend dropped him off at work in a car that Hansen rented. The police stopped the car and searched the girlfriend's backpack. The officers found illegal drugs and drug paraphernalia. The officers also found an empty container for prescription medication with Hansen's name on it. Complaint, Collective Exhibit, at 28 of 33.

Officers of the Illinois State Police then came to Hansen's workplace. Defendant Harvey directed Hansen to talk to Officers of the Illinois State Police. The Police Officers found nothing on his person, and questioned him. When Hansen said he wanted to speak with an attorney, the officers arrested him and took him to the Sangamon County, Illinois, jail. Hansen was charged with possession of illegal drugs and drug paraphernalia. Complaint, Collective Exhibit, at 28 of 33.

CMS suspended Hansen indefinitely on September 12, 2016, for violation of CMS rules and policies because he possessed illegal drugs and drug paraphernalia. The suspension was a discharge under Illinois unemployment law. Complaint, Collective Exhibit, at 28 of 33. Hansen alleges that Meunch and Harvey concocted the story of drug possession to harass Hansen because he asserted his rights under the ADA and FMLA. Complaint, at 5 and Collective Exhibit, at 3. Hansen also alleges that he

left "voluntarily due to the on-going harassment and hostile work environment, and the loss of wages that were held back from me for several months." Complaint, at 5.

On January 5, 2017, the Sangamon County, Illinois, State's Attorney dropped all charges against Hansen. Complaint, Collective Exhibit at 28 of 33.

After his indefinite suspension, Hansen filed for unemployment benefits. Representatives of CMS opposed his application for unemployment benefits. CMS took the position in the unemployment proceedings that Hansen was fired for cause. CMS contended that Hansen violated its rules and policies by possessing illegal drugs and drug paraphernalia. Complaint, at 6, and Collective Exhibit, at 28 of 33. On May 2, 2017, an Illinois Administrative Law Judge determined that CMS did not have cause to fire Hansen and that he was entitled to unemployment benefits. Complaint, Collective Exhibit, at 28 of 33.

## ANALYSIS

Based on these allegations, Hansen brings claims for discrimination and retaliation in violation of the ADA and FMLA. Hansen filed a Charge of Discrimination with the Equal Employment Opportunity Commission and received a Right to Sue Letter. Defendants move to dismiss these claims.

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper where a complaint fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Federal Rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief," and allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & (d)(1). While a complaint need not contain detailed, specific factual allegations, it must contain sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim is plausible on its face if it provides the defendant fair notice of what the claim is and the grounds upon which it rests. George v. Smith, 507 F.3d 605, 608 (7th Cir. 2007). Dismissal under Rule 12(b)(6) is appropriate when "the factual detail in a complaint [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." Airborne Beepers & Video, Inc. v. AT & T Mobility, LLC, 499 F.3d 663, 667 (7th Cir. 2007).

The FMLA guarantees an employee of a covered employer the right to take up to 12 workweeks of leave annually because of a serious health

condition. 29 U.S.C. §2612(a)(1)(D). The FMLA prohibits an employer from interfering with the employee's exercise of those rights, discharging or discriminating against the employee for exercising those rights, or retaliating against the employee for exercising those rights. 29 U.S.C. § 2615(a)(1) and (a)(2). The prohibitions against interference and discrimination also include a prohibition against retaliation for exercising rights under the FMLA. See Lewis v. School District No. 70, 523 F.3d 730, 741 (7th Cir. 2008).

To allege an interference claim, Hansen must allege that (1) he was eligible for FMLA protections; (2) CMS is an employer covered by the FMLA; (3) he was entitled to the take leave for tardiness and absences under the FMLA; (4) he provided sufficient notice for the leave; and (5) CMS denied him the benefits to which he was entitled. Pagel v. TIN Inc., 695 F.3d 622, 626-27 (7th Cir. 2012). The Complaint fails to allege that the Defendants interfered with Hansen's FMLA rights. Hansen alleges he asks for an accommodation in the form of leave to be tardy and absent as needed, and the request was granted. He alleges he subsequently was subjected to progressive discipline procedures because he exercised those rights, but he does not allege that he was ultimately disciplined. To state an interference claim, he needs to allege that CMS disciplined him at the

end of the process.  Hansen may replead if Defendants in fact disciplined him for taking FMLA approved leave.  At this point, he fails to state a claim for interference.

To state a claim for retaliation, Hansen must allege that (1) he engaged in protected activity under the FMLA; (2) the Defendants took an adverse employment action against him; and (3) there was a causal connection between the protected activity and the adverse employment action.  Pagel, 695 F.3d at 631.  The meaning of "adverse employment action" for purposes of retaliation is broader than for discrimination.  A person suffers an adverse action for purposes of retaliation if the Defendants took actions against him that would dissuade a reasonable employee from engaging in protected activity.  Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006); see Washington v. Illinois Dept. of Revenue, 420 F.3d 658, 661-62 (7th Cir. 2005).

Hansen states a claim for retaliation under the FMLA.  Hansen alleges that he exercised his rights under the FMLA by requesting leave as needed to accommodate his mental condition and that CMS was a covered employer.  Hansen alleges that Meunch cursed him out in front of his co-workers when he filed the request.  He alleges that Meunch and Harvey thereafter harassed him on a daily basis, and ultimately arranged to have

him discharged. When read in the light most favorable to Hansen, he alleges that Harvey used unsubstantiated drug charges as an opportunity to suspend him indefinitely and effectively discharge him in retaliation for exercising his rights under the FMLA. He states a claim.

The Defendants argue that Hansen fails to allege either that he was discharged or that he suffered any other adverse employment actions. The Court disagrees. When read in the light most favorable to Hansen, he alleges that he was discharged when the Defendants suspended him indefinitely on September 12, 2016. The Defendants claimed in the state unemployment proceeding that the Defendants discharged him for cause. Hansen, however, also alleged he left voluntarily. Hansen is proceeding pro se and may not understand the significance of that statement. When read favorably to him, he may only mean that he left voluntarily without a fight when Defendants suspended him. The allegations are sufficient to show that it is plausible that he was discharged at the time of the suspension.

Hansen also alleges enough facts to show that it is plausible that Harvey and Meunch harassed him on a daily basis from March 2016 until his suspension, and that their harassment was sufficiently severe to constitute retaliation under the Supreme Court decision in <u>White</u>.

Defendants' arguments to the contrary are not persuasive. Hansen states a claim for retaliation for this harassment under the FMLA.

The ADA protects qualified individuals with disability from discrimination and retaliation in employment. A person has a disability if the person has a mental or physical impairment that limits his ability to engage in one or more major life activities. 42 U.S.C. § 12102. Hansen alleges that he has a disability due to his mental condition of bipolar disorder, depression, and anxiety. He alleges that his condition interferes with his major life activities of sleeping. Complaint, at 4 and Collective Exhibit, at 13-20; see 42 U.S.C. § 12102(2)(A) (sleeping is a major life activity). He alleges that he is an individual with a disability.

An individual with a disability is a qualified individual if he can perform the essential functions of the job with or without a reasonable accommodation. 42 U.S.C. § 12111(8). Hansen alleges that he performed the essential functions of his job with the reasonable accommodation of allowing him to be tardy or absent on occasion as needed. See Complaint, Collective Exhibit, at 18. He alleges he is a qualified individual with a disability.

To allege a claim for discrimination under the ADA, Hansen must allege that he is a qualified individual with a disability and he suffered an

adverse employment action on the basis of his disability.  See Monroe v. Indiana Department of Transportation, 871 F.3d 495, 503-04 (7th Cir. 2016); see 42 U.S.C. § 12112.  When read favorably to Hansen, he alleges that Harvey and Meunch harassed him and arranged to have him fired because of his disability.  He states a claim for ADA discriminatory discharge.

To state a claim for retaliation under the ADA, Hansen must allege he engaged in protected activity, he suffered an adverse employment action, and there exists a causal connection between the protected activity and the adverse employment action. Freelain v. Village of Oak Park, 888 F.3d 895, 901 (7th Cir. 2018).  Again, the meaning of adverse employment action is broader in the retaliation context.  An adverse employment action in retaliation is any action that that would dissuade a reasonable employee from engaging in protected activity.  White, 548 U.S. at 68; see Freelain, 888 F.3d at 901. Hansen alleges that he asked for and received a reasonable accommodation to be tardy or absent on an as-needed basis.  He alleges that Harvey and Meunch harassed him daily and ultimately arranged to get him fired because he secured an accommodation.  He states a claim.

The Defendants also ask the Court to dismiss Hansen's claims against Meunch and Harvey.  The Defendants argue that Hansen may only

sue his employer CMS for violations of the ADA and FMLA. The Defendants are correct that the ADA only provides relief against the employer. U.S. E.E.O.C. v. AIC Sec. Investigations, Ltd., 55 F.3d 1276, 1282 (7th Cir. 1995). Hansen's claims against Meunch and Harvey for violating the ADA are dismissed with prejudice.

The language of the FMLA, however, differs from the ADA. The ADA definition of "employer" tracked the definition in Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act. The meaning of employer in those acts was limited to the actual employer. The meaning of employer was similarly limited to the meaning of the term in Title VII and the ADEA. See U.S. E.E.O.C. v. AIC Sec. Investigations, Ltd., 55 F.3d at 1282

The FMLA contains a different, broader definition of employer. The definition includes "any person who acts, directly or indirectly, in the interests of any employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(ii)(I). Based on this broader definition, individuals who were not the actual employer may be liable under the FMLA if the individuals had supervisory authority of the plaintiff and if the individuals were at least partly responsible for the violations. See Horwitz v. Board of Educ. Of Avoca School Dist. No. 37, 260 F.3d 602, 610 n. 2 (7th Cir. 2001);

Eppinger v. Caterpillar, Inc., 682 Fed. Appx., 479, 481 (7th Cir. 2017); Patrick v. Cowen, 2016 WL 1460333, at *6 (N.D. Ind. April 13, 2016); Ruckebeil v. Cancer Treatment Centers of America, Inc., 2016 WL 878585, at *2 (N.D. Ill. March 8, 2016); Baier v. Rohr-Mont Motors, Inc., 2014 WL 6434584, at *8 (N. D. Ill. November 17, 2014).  See also Goelzer v. Sheboygan County, Wis., 604 F.3d 987 (7th Cir. 2010) (Seventh Circuit considered on the merits whether plaintiff established his claim at summary judgment against the plaintiff's supervisor, as well as the employer); Nicholson v. Pulte Homes Corp., 690 F.3d 819 (7th Cir. 2012) (same); Simpson v. Office of Chief Judge of Circuit Court of Will County, 559 F.3d 706 (7th Cir. 2009) (same); Daugherty v. Wabash Center, Inc., 577 F.3d 747 (7th Cir. 2009) (same).  Hansen may proceed against Harvey and Meunch on his FMLA claims.

    THEREFORE, IT IS ORDERED THAT Defendants' Motion to Dismiss (d/e 10) is ALLOWED in part and DENIED in part.  Plaintiff's claim for interference with his rights under the FMLA is dismissed with leave to replead.  Plaintiff's claims against Defendants Bryon Meunch and Deb Harvey for violations of the ADA are dismissed with prejudice.  The remainder of the Motion is denied.  Plaintiff may proceed with his ADA

claims against Defendant CMS and may proceed with his FMLA discrimination and retaliation against all Defendants.

ENTER: June 12, 2018

                          *s/ Tom Schanzle-Haskins*
                              TOM SCHANZLE-HASKINS
                           UNITED STATES MAGISTRATE JUDGE