E-FILED
Monday, 16 July, 2018 11:20:51 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| STEWART HANSEN, | ) |
| Plaintiff, | ) |
| v. | ) No. 17-cv-3256 |
| CENTRAL MANAGEMENT SERVICES, BRYON MEUNCH, and DEB HARVEY, | ) |
| Defendants. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Stewart Hansen's Motion for Summary Judgment (d/e 18) and Motion for Sanctions (d/e 31); and Defendants' Motion to Stay its Response to Plaintiff's Motion for Summary Judgment (d/e 29) (Second Motion to Stay). The parties consented to proceed before this Court. Consent to the Exercise of Jurisdiction by a United States Magistrate Judge and Reference Order entered May 25, 2018 (d/e 16). For the reasons set forth below, the Motions are all DENIED.

Procedurally, Hansen filed the Motion for Summary Judgment first. The Defendants responded with their First Motion to Stay (d/e 27). The Court denied the first Motion to Stay because Defendants failed to include

the affidavit or declaration required by Federal Rule of Civil Procedure 56(d). Text order entered July 3, 2018. The Defendants responded with the Second Motion to Stay. Hansen responded by asking for sanctions for filing the Second Motion to Stay.

Hansen's request for sanctions is denied. A party responding to a motion for summary judgment may ask for a delay in responding to the Motion. Federal Rule 56(d) states:

> **(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> **(1)** defer considering the motion or deny it;
>
> **(2)** allow time to obtain affidavits or declarations or to take discovery; or
>
> **(3)** issue any other appropriate order.

Fed. R. Civ. P. 56(d). The Defendants' Second Motion to Stay asks the Court to stay, or delay, consideration of Hansen's Motion for Summary Judgment and includes an affidavit stating reasons for the need for delay. The Defendants, therefore, have complied with Rule 56(d). Sanctions are not appropriate. The request for sanctions is denied.[1]

---

[1] Hansen also did not comply with the service requirements of Federal Rule of Civil Procedure 11(c)(2) for motions for sanctions. Hansen must comply with the Rules of Civil Procedure and this Court's Local Rules in the future.

The Second Motion to Stay is also denied. Rule 56(d) requires a party seeking delay in the consideration of a motion for summary judgment to set forth "specified reasons" why they cannot respond to the motion for summary judgment. The Affidavit attached to the Second Motion to Stay states as the reasons for the requested stay:

> 5. The Parties and Court have not conducted a scheduling conference or set a discovery schedule pursuant to Rule 26 of the Federal Rules of Civil Procedure.
>
> 6. Further, no discovery has been undertaken by any Party.
>
> 7. Plaintiff's Motion for Summary Judgment will require the exchange of discovery to garner facts required for Defendants to respond.

Second Motion to Stay, attached Rule 56(d) of Andrew J. McGinley, ¶¶ 5-7. The declaration is insufficient because the declarant does not specify the information needed to respond to the Motion for Summary Judgment. He only states that Defendants want to conduct discovery before responding. The Court sees no reasons for discovery to respond to the Motion for Summary Judgment. As explained below, the Motion for Summary Judgment is insufficient on its face. The Court, therefore, denies the Second Motion to Stay.

The Court also denies the Motion for Summary Judgment. Summary judgment is appropriate when the allegations and evidence submitted

shows that no material issue of fact remains.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  Hansen alleges violations of his rights under the Americans with Disabilities Act (ADA) and the Family Medical Leave Act (FMLA), 29 U.S.C. § 2615 (FMLA); 42 U.S.C. § 12112 (ADA). See Opinion entered June 12, 2018 (d/e 20) (Opinion 20), for a detailed summary of Hansen's allegations.  In summary, Hansen alleges that he has bi-polar disease.  In April or early May 2016, Hansen requested and received an accommodation for his condition.  Thereafter, on September 12, 2016, Hansen was arrested at work for possession of illegal drugs and drug paraphernalia.  Hansen was thereafter suspended indefinitely.  The criminal charges against Hansen were dropped. Hansen applied for unemployment benefits.  The Defendant employer Illinois Central Management Services (CMS) opposed his request on the grounds that he was terminated for cause.  An Illinois Administrate Law Judge (ALJ) determined the indefinite suspension was a termination for purposes of Illinois unemployment law and that CMS did not prove that it fired Hansen for cause.  See Opinion 20, at 2-5.

The Motion for Summary Judgment only cites the ALJ's determination to support the Motion.  Motion for Summary Judgment ¶ 2; see Complaint,

shows that no material issue of fact remains.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  Hansen alleges violations of his rights under the Americans with Disabilities Act (ADA) and the Family Medical Leave Act (FMLA), 29 U.S.C. § 2615 (FMLA); 42 U.S.C. § 12112 (ADA). See Opinion entered June 12, 2018 (d/e 20) (Opinion 20), for a detailed summary of Hansen's allegations.  In summary, Hansen alleges that he has bi-polar disease.  In April or early May 2016, Hansen requested and received an accommodation for his condition.  Thereafter, on September 12, 2016, Hansen was arrested at work for possession of illegal drugs and drug paraphernalia.  Hansen was thereafter suspended indefinitely.  The criminal charges against Hansen were dropped. Hansen applied for unemployment benefits.  The Defendant employer Illinois Central Management Services (CMS) opposed his request on the grounds that he was terminated for cause.  An Illinois Administrate Law Judge (ALJ) determined the indefinite suspension was a termination for purposes of Illinois unemployment law and that CMS did not prove that it fired Hansen for cause.  See Opinion 20, at 2-5.

The Motion for Summary Judgment only cites the ALJ's determination to support the Motion.  Motion for Summary Judgment ¶ 2; see Complaint,

Collective Exhibit, at 28-29, Administrative Law Judge's Decision (ALJ's Decision).[2] Hansen claims that the ALJ's Decision proves that he was wrongfully terminated in retaliation for exercising his rights under the ADA and FMLA.

To establish FMLA retaliation for purposes of summary judgment, Hansen must present evidence that (1) he engaged in protected activity under the FMLA; (2) the Defendants took an adverse employment action against him; and (3) there was a causal connection between the protected activity and the adverse employment action. Pagel v. TIN Inc., 695 F.3d 622, 631 (7th Cir. 2012). Similarly, to establish retaliation under the ADA for purposes of summary judgment, Hansen must allege he engaged in protected activity, he suffered an adverse employment action, and a causal connection exists between the protected activity and the adverse employment action. Freelain v. Village of Oak Park, 888 F.3d 895, 901 (7th Cir. 2018).

The ALJ's Decision does not establish each element of either claim. First, the Court does not decide whether the ALJ's Decision is admissible, whether the Court must follow his findings, or whether the Defendants may

---

[2] The Court cites the page numbers assigned by the Court's CM/ECF system.

attempt to prove the ALJ's Decision is incorrect. The parties have not litigated this issue at this time. For the purposes of the Motion for Summary Judgment only, however, the Court assumes that the ALJ's Decision is controlling on the issue it decides.

Second, the ALJ's Decision does not establish the elements of either FMLA retaliation or ADA retaliation. The ALJ found that CMS did not establish that it fired Hansen for cause for purposes of Illinois unemployment law. The fact that Hansen was not fired for cause for purposes of receiving unemployment benefits, does not, by itself, show a causal connection between the exercise of his rights under the ADA and FMLA and the termination. The Defendants could have put Hansen on indefinite leave for a reason other than retaliation. Hansen has presented no evidence on this point. In addition, the ALJ's Decision does not contain any findings about Defendants Bryon Meunch or Deb Harvey. Standing alone, the ALJ's Decision does not provide any evidence on Hansen's claims against them. As a result, Hansen has not presented enough evidence to show that he is entitled to summary judgment.

THEREFORE, IT IS ORDERED that Plaintiff Stewart Hansen's Motion for Summary Judgment (d/e 18) and Motion for Sanctions (d/e 31);

and Defendants' Motion to Stay its Response to Plaintiff's Motion for Summary Judgment (d/e 29) are DENIED.

ENTER: July 16, 2018

s/ *Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE