IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| STEWART J. HANSEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 17-cv-3256 |
| STATE OF ILLINOIS, et al., | ) ) ) |
| Defendants. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Stewart Hansen's Motion for Summary Judgment (d/e 50) (Motion). The parties consented to proceed before this Court. Consent to the Exercise of Jurisdiction by a United States Magistrate Judge and Reference Order entered May 25, 2018 (d/e 16). For the reasons set forth below, the Motion is DENIED.

Hansen alleges that Defendants discriminated against him and retaliated against him in violation of the Americans with Disabilities Act (ADA) and the Family Medical Leave Act (FMLA). Complaint (d/e 1); 29 U.S.C. § 2615 (FMLA); 42 U.S.C. § 12112 (ADA). Hansen's allegations are set out in detail in this Court's Opinion entered June 12, 2018 (d/e 20) (Opinion 20). In summary, Hansen worked for Defendant Illinois Department of Central Management Services (CMS). Hansen alleges that

he has bipolar disorder, depression, and anxiety. In late April or May 2016, he received an accommodation under the FMLA that allowed him to arrive late to work. He alleges the Defendants discriminated against him and retaliated against him thereafter. On August 11, 2016, Hansen was arrested at work for possession of illegal drugs and drug paraphernalia. On September 12, 2016, CMS suspended Hansen from work indefinitely without pay due to the arrest. On January 5, 2017, the Sangamon County, Illinois, State's Attorney dropped all charges against Hansen.

Hansen applied for unemployment benefits. Hansen attached to his Complaint the State Administrative Law Judge's decision on his application. The Administrative Law Judge determined that the indefinite suspension was a discharge for purposes of Illinois unemployment compensation law and that Hansen was entitled to unemployment benefits. See Opinion 20, at 2-5; Complaint, attached Collective Exhibit, at 28 of 33.

Hansen now moves for summary judgment. To support his Motion, Hansen states that he filed a charge of discrimination and received a right to sue letter. Hansen further states that "many things occurred that showed a systematic series of actions and that goes against procedures, contract language, and CMS personnel code." Motion, at 2-3. Hansen further relies on the Administrative Law Judge's opinion attached to the Complaint.

Defendants oppose the Motion. Defendants claim that Hansen resigned and was not discharged. Defendants correctly note that Hansen stated in his Complaint that he left his position voluntarily. See Complaint, at 5 ("I left this position . . . . voluntarily due to the on-going harassment and hostile work environment . . . ."). Defendants submitted a note dated October 11, 2016 (Note), in which Hansen wrote,

> I Stewart Hansen hereby resign from CMS/ Do IT effective immediately. I wish to withdraw all monies immediately due to Life Crisis.

Defendants' Response to Plaintiff's Motion for Summary Judgment (d/e 50) (d/e 54) (Response), Exhibit C, Note. Hansen signed the Note. The Defendants argue that the Administrative Law Judge's opinion and the right to sue letter are not probative on any issue in Hansen's ADA and FMLA claims now before this Court. The Defendants also argue that Hansen's allegations of violations of internal procedures, the CMS personnel code, and union collective bargaining agreements are vague and unsupported, and do not establish his ADA and FMLA claims.

## ANALYSIS

Hansen now moves for summary judgment. At summary judgment, Hansen must present evidence that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-

24 (1986). The Court must consider the evidence presented in the light most favorable to Defendants. Any doubt as to the existence of a genuine issue for trial must be resolved against Hansen. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Once Hansen has met his burden, the Defendants must present evidence to show that issues of fact remain with respect to an issue essential to Defendants' case, and on which Defendants will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. at 322; Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In this case, issues of fact preclude summary judgment.

Hansen alleges discrimination and retaliation in violation of the ADA and retaliation in violation of the FMLA. See Opinion 20, at 10-14. To show an absence of material fact, Hansen must present evidence on each element of his claims.

ADA Discrimination

To show a lack of an issue of fact on his ADA discrimination claim, Hansen must present evidence that he was a qualified individual with a disability and he suffered an adverse employment action because of his disability. Kersting v. Wal-Mart Stores, Inc., 250 F.3d 1109, 1115 (7th Cir. 2001). He may present evidence that directly tends to prove these

elements, or he may present evidence of his prima facie case under the burden-shifting method.  Under the burden-shifting method, Hansen must present evidence that he was a qualified person with a disability, he met his employer's reasonable expectations, he suffered an adverse employment action, and similarly situated employees who were not disabled were treated better than he.  See Bunn v. Khoury Enterprises, Inc., 753 F.3d 676, 685 (7th Cir. 2014).  If he presents such evidence, the Defendants are required to present a non-discriminatory reason for the adverse employment action.  If the Defendants present such a reason, Hansen must then present evidence that the stated reason is a pretext.  Pretext means a dishonest explanation, a lie, rather than an oddity or an error.  Id.

The Seventh Circuit has clarified that a party may use any type of competent evidence (e.g., eye witness testimony, documents, direct evidence, circumstantial evidence) to meet its burdens under either the direct method or the indirect burden-shifting method.  See David v. Board of Trustees of Community College District No. 508, 846 F.3d 216, 224 (7th Cir. 2017); Ortiz v. Werner Enterprises, Inc., 834 F.3d 760, 765 (7th Cir. 2016).

Hansen alleges that he is a qualified individual with a disability because he has bipolar disorder, anxiety, and depression.  The Defendants

do not dispute this for purposes of this Motion, at least.  He also presents evidence that he suffered two adverse employment actions.  He was suspended without pay, and his employment was terminated.  He alleged in his Complaint that he suffered other acts of discrimination and harassment by the individual Defendants Byron Meunch and Deb Harvey (Individual Defendants), but he presents no evidence on these allegations at this time.  Hansen, therefore, is not entitled to summary judgment on any claim based on any claims of harassment.

Defendants dispute whether Hansen was discharged.  Defendants present the October 11, 2016 Note as evidence that Hansen resigned.  Defendants state that Hansen was suspended pending the outcome of the drug crimes against him.  The criminal charges were still pending when Hansen gave Defendants the Note.  The Note creates an issue of fact on the question of whether Hansen voluntarily resigned or was discharged.  Hansen is not entitled to summary judgment on his claims based on his discharge.

Hansen argues that the Administrative Law Judge's opinion establishes as a matter of law that he did not resign.  The Administrative Law Judge found that CMS terminated his employment by putting him on indefinite unpaid leave under the circumstances of this case.  Hansen,

however, fails to show that the Administrative Law Judge's opinion decides the issue in this case of whether he resigned or was discharged. Another proceeding may decide an issue in a subsequent proceeding if the first proceeding has preclusive effect. To establish that the administrative decision on Hansen's unemployment claim has preclusive effect in this case, Hansen must show that the Administrative Law Judge's opinion was made in an adjudicative proceeding that included the following elements:

> (1) adequate notice; (2) a right to present evidence on one's own behalf, and to rebut evidence presented by the opposition; (3) a formulation of issues of law and fact; (4) a final decision; and (5) the procedural elements to determine conclusively the issues in question.

Banks v. Chicago Housing Authority, 13 F.Supp.2d 793, 796 (N.D. Ill. 1998). Hansen does not present evidence on the sufficiency of the notice or whether the decision was a final decision.

Even if Hansen could show that the Administrative Law Judge's decision is the type of administrative decision that may have preclusive effect, he still must present evidence that the decision has preclusive effect. Hansen must prove that the Administrative Law Judge's decision was:

> (1) a final decision on the merits must have been reached; (2) the issues on which estoppel is sought were essential to the decision; (3) the party against whom estoppel is invoked had a full opportunity to address the issues in the case; and (4) the issues decided are identical to the issues on which estoppel is sought.

Id. Hansen has not shown that the Administrative Law Judge's decision was a final decision on the merits. Hansen further has not shown that the issues in this case are the same. The Administrative Law Judge held that an indefinite suspension was a dismissal for purposes of the state unemployment compensation law. Hansen does not present any authority that an indefinite suspension without pay is a discharge for purposes of the ADA and FMLA.

Even if the Administrative Law Judge's decision had preclusive effect, the decision would only establish that Hansen was discharged. The Administrative Law Judge's decision would not constitute evidence of the other elements. At this point, however, issues of fact exist regarding whether Hansen was discharged. He is not entitled to summary judgment on his claims related to his discharge.

Hansen's indefinite suspension without pay, however, was an adverse employment action. See Whittaker v. Northern Illinois University, 424 F.3d 640, 647 (7th Cir. 2005) (three-day suspension without pay would be an adverse employment action). Under the direct method, Hansen must present evidence that CMS suspended him because of his status as a qualified individual with a disability. Hansen presents no evidence on this point.

Hansen claims that the Defendants violated the personnel code, policies, and the collective bargaining agreement.  Violations of these provisions are not directly relevant.  The issue is whether the Defendants violated the FMLA or the ADA, not these other provisions.  Hansen does not present evidence to show that the alleged violations of these provisions tends to show that he was suspended because he was disabled.  Moreover, Hansen presents no evidence to support his allegations that the Defendants violated these other provisions.

Hansen cites the right to sue letter from the EEOC as proof of his claim.  The EEOC makes no determination of the validity of any claim when it issues a right to sue letter.  See Complaint, Collective Exhibits at 1 of 33, Right to Sue Letter ("The EEOC issues the following determination. Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as-having been raised by this charge.").  The right to sue letter does not tend to prove any element of Hansen's claims.  Hansen is not entitled to summary judgment on his ADA discrimination claim under the direct method.

Hansen further presents no evidence on a required element under the burden-shifting method. Hansen presents no evidence that Defendants did not suspend a similarly situated employee who was not disabled and who was arrested at work and charged with a serious crime. Absent evidence of better treatment of a similarly situated non-disabled employee, Hansen is not entitled to summary judgment under the indirect method. Under either method, Hansen is not entitled to summary judgment on his ADA discrimination claim.

Retaliation

To secure summary judgment on his retaliation claims, Hansen must present evidence that: (1) he engaged in protected activity; (2) he suffered an adverse employment action; and (3) a causal connection between the protected activity and the adverse employment action. See Luckie v. Ameritech Corp., 389 F.3d 708, 714 (7th Cir. 2004). In the alternative, Hansen may present evidence under the burden-shifting method. Hansen may present evidence that: (1) he engaged in a statutorily protected activity; (2) he met the CMS's legitimate expectations as an employee; (3) he suffered an adverse employment action; and (4) he was treated less favorably than similarly situated employees who did not engage in statutorily protected activity. Nichols v. Southern Illinois University-

Edwardsville, 510 F.3d 772, 784-85 (7th Cir. 2007).  If Hansen presents evidence on these elements, then the Defendants must present a non-discriminatory reason for the adverse action.  Hansen must then present evidence that the stated reason was a pretext.  Id.

Hansen engaged in protected activity when he asked for an accommodation under the FMLA to allow him to come late to work.  Hansen also suffered an adverse employment action when he was suspended without pay.  Hansen, however, has no evidence of a causal connection between his FMLA request and his suspension.  Hansen got his accommodation in May 2016.  He was not arrested until August 2016.  Third-party law enforcement officials arrested and charged Hansen, not the Defendants.  Hansen alleges some conspiracy between the Defendants and the police but presents no evidence on this claim.   Hansen was suspended pending the outcome of the charges.  He fails to show a causal connection between the FMLA accommodation and the suspension.

Hansen also fails to present evidence on each element of the burden shifting method.  Hansen presents no evidence that Defendants did not suspend a similarly situated employee who was not disabled and who was arrested at work and charged with a serious crime.  He therefore is not entitled to summary judgment on his retaliation claims.

THEREFORE, IT IS ORDERED that Hansen's Motion for Summary Judgment (d/e 50) is DENIED.

ENTER: December 28, 2018

s/ *Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE