IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| STEWART J. HANSEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 17-cv-3256 |
| STATE OF ILLINOIS et al., | ) ) ) |
| Defendants. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendants' Motion for Sanctions (d/e 58) (Motion 58) and Defendants' Second Motion for Discovery Sanctions (d/e 59) (Motion 59) (collectively Motions). The parties consented to proceed before this Court. Consent to the Exercise of Jurisdiction by a United States Magistrate Judge and Reference Order entered May 24, 2018 (d/e 16). Defendants ask the Court to dismiss this case as a sanction for Plaintiff's repeated failure to appear at duly noticed times and places to be deposed. Plaintiff is also presumed not to oppose the Motion because he has not responded to either Motion within 14 days of service. Local Rule 7.1(B)(2). For the reasons set forth below, the Motion is GRANTED.

On August 16, 2018, this Court conducted a scheduling conference with the parties. This Court personally told Plaintiff at that hearing that he had to agree to be deposed if he wanted to litigate his claims in this case. Minute Entry entered August 16, 2018. This Court set July 1, 2019 as a deadline for the completion of discovery. Scheduling Order entered August 16, 2018 (d/e 36).

On February 25, 2019, Defendants sent Plaintiff a notice of deposition setting Plaintiff's deposition on March 26, 2019 at 10:00 a.m. at Defense counsel's offices in Springfield, Illinois. Defense counsel sent the notice to the two addresses Plaintiff has provided to the Court: Helping Hands Springfield, 1023 E. Washington St., Springfield, Illinois; and Salvation Army Adult Rehabilitation Center (ARC), 221 North 11th Street, Springfield, Illinois. See Temporary Change of Address (d/e 26) (Helping Hands Address); Temporary Change of Address (d/e 49) (ARC). Motion 58, Exhibits A and B, Notices of Deposition. Defense counsel contacted the clerk at Helping Hands who confirmed that Plaintiff picked up his mail weekly at that address. Motion 58, ¶ 6. Plaintiff did not appear on March 26, 2019 for his deposition and did not contact Defendants or the Court regarding his failure to attend. Motion 58, Exhibit C, Record of Non-Appearance.

On March 26, 2019, after Plaintiff failed to appear, Defense counsel succeeded in speaking with Plaintiff at approximately 10:36 a.m. Plaintiff stated that he would not appear. Plaintiff denied receiving the notices of deposition. Plaintiff and Defense counsel agreed to reschedule Plaintiff's deposition for May 8, 2019. Motion 59, ¶ 9; see Motion 58, Exhibit C, Notice of Non-Appearance, at 4.

On April 5, 2019, Defendants sent a new notice of deposition to Plaintiff setting his deposition for May 8, 2019, as previously agreed. Defense counsel again sent the notice of deposition to both the Helping Hands address and the ARC address. Motion 59, Exhibits D and E, Notices of Deposition. Plaintiff again failed to appear for his deposition.

Defendants have repeatedly set Plaintiff's deposition and Plaintiff has repeatedly failed to appear. The Court told Plaintiff that he had to be deposed to pursue this case. He failed to do so. Plaintiff personally agreed to appear on May 8, 2019 but did not. The Court finds that Plaintiff has willfully refused to participate in discovery in this case. Dismissal may be an appropriate sanction for such willfulness. Fed. R. Civ. P. 37(b)(2)(v); National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 640 (1976).

Plaintiff, further, has failed to respond to the Motions.  The failure creates a presumption that Plaintiff has no opposition to the Motions.  Local Rule 7.1(B)(2).  The failure also demonstrates to the Court that Plaintiff has decided not to pursue this matter.  Plaintiff vigorously pursued this claim for several months.  Plaintiff requested and the Court allowed Plaintiff to file electronically.  <u>Text Order entered June 11, 2018</u>.  Plaintiff filed many motions and responses to defense motions.  <u>See</u> <u>e.g.</u>, <u>Motion for Default Judgment (d/e 4)</u>; <u>Motion for Summary Judgment (d/e 7)</u>; <u>Response to Motion to Dismiss (d/e 14)</u>; <u>Motion for Summary Judgment (d/e 18)</u>; <u>Responses and Objections to Defendants' Motions to Stay (d/e 27 and 30)</u>; <u>Motion for Sanctions (d/e 31)</u>; <u>Motion for Sanctions (d/e 37)</u>; <u>Motion for Sanctions (d/e 43)</u>;  <u>First Motion for Partial Summary Judgment and Proposed Motion for Summary Judgment (d/e 46 and 47)</u>; <u>First Motion for Full Summary Judgment (d/e 50)</u>; <u>Reply to Responses to Motions for Summary Judgment (d/e 56)</u>.  Plaintiff filed additional motions not listed.  Plaintiff clearly knows how to respond to a motion.  His failure to respond to these Motions further supports the Court's conclusion that Plaintiff has willfully decided not to participate in discovery in this case.

The sanction for Plaintiff's willful refusal to participate in discovery must be proportional to the circumstances of the case.  <u>Collins v. Illinois</u>,

554 F.3d 693, 696 (7th Cir. 2009). After careful consideration of the Motions, the Court finds that dismissal is a proportionate sanction in this case. The Court personally told Plaintiff he had to be deposed to pursue this case. The Defendants cannot proceed without that deposition. The Defendants need to know Plaintiff's side of the story and his interpretation of relevant documents, particularly documents written by Plaintiff, to prepare a motion for summary judgment or to prepare for trial. Plaintiff has failed to appear twice for deposition. Plaintiff further has not responded to Defendants' Motions. Plaintiff is refusing to participate in this case and his refusal denies Defendants the opportunity to prepare a defense. Under these circumstances in this case, the Court finds that dismissal is the proportional and appropriate sanction for Plaintiff's willfulness.

THEREFORE, IT IS ORDERED that Defendants' Motion for Sanctions (d/e 58) and Defendants' Second Motion for Discovery Sanctions (d/e 59) are ALLOWED. This case is dismissed with prejudice. THIS CASE IS CLOSED.

ENTER: May 28, 2019

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE